**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RODNEY SMITH, LTD.,

Plaintiff,

v.

NYC FRAMES, INC., and
JOE ASMAEL,

Defendants.

Civil Action No.:

COMPLAINT AND
JURY DEMAND

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Rodney Smith, Ltd. ("Smith" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against NYC Frames, Inc. ("NYC"), and Joe Asmael ("Asmael") (together "Defendants"), alleging as follows:

## THE PARTIES

1. Plaintiff is Corporation headquartered in Palisades, New York.

2. NYC is a Limited Liability Company Corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York. Defendant's agent for service of process is The Corporation, 1615 2nd Avenue, New York, New York 10028.

3. Asmael is an individual, and owner of NYC Frames, Inc. Asmael resides in New York, New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because Defendants have maintained sufficient minimum contacts with New York and as a result the exercise of personal jurisdiction over Defendants by this Court would not offend traditional notices of fair play and substantial justice.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

## FACTS

### I. The Photograph(s) at Issue in this Lawsuit

7. On June 1, 2008, Rodney Smith, a world-renowned commercial and fine-art photographer, captured the photograph, "Edythe and Andrew Kissing on Top of Taxi," ("Copyrighted Photograph"). A copy of Copyrighted Photograph 1 is exhibited below:



8. Copyrighted Photograph 1 was registered by Rodney Smith, Ltd. with the United States Copyright Office on December 5, 2017 (Registration No.: VA 2-106-347).

9. On January 15, 2010, Rodney Smith captured the photograph, "TRU2358754," ("Copyrighted Photograph 2"). A copy of Copyrighted Photograph 2 is exhibited below:



10. Copyrighted Photograph 2 was registered by Rodney Smith, Ltd. with the United States Copyright Office on February 8, 2021 (Registration No.: VA 2-242-062).

11. For all times relevant to this action, Plaintiff has been the exclusive copyright holder of all copyright rights in and to Copyrighted Photographs 1 and 2. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

12. Plaintiff produces and sells limited-edition fine art prints of Rodney Smith's photographs.

13. Rodney Lewis Smith (1947 – 2016) was a prominent American fashion photographer, whose images are instantly recognizable for their combination of surrealism, style, and wit. Smith was born in New York City and started work as a photo essayist, before turning to portraiture, and eventually finding his niche and greatest success in fashion photography. Smith was a regular contributor to The New York Times, W Magazine, Vanity Fair, Departures, and New York Magazine, and shot campaigns for luxury retailers including Neiman Marcus,

Bergdorf Goodman, and Ralph Lauren, among others. Smith's work is collected by private individuals and Museums, including the J. Paul Getty Museum, Los Angeles; Houston Museum of Fine Arts; Museum of Fine Arts, Boston; Portland Museum of Art, Maine; Princeton University Art Museum; and Yale University Art Gallery among others. Mr. Smith is also represented by premiere photography galleries around the world.

14. Plaintiff's individual, limited-edition fine art prints range in price from $10,000.00 to $125,000.00.

## II. Defendants' Unlawful Activities

15. NYC is a framing shop, which frames artwork, as well as sells framed works of art, many of which appear to be counterfeit or otherwise unauthorized versions of iconic copyrighted works.

16. On or about April 15, 2022, Defendants copied and printed an unauthorized version of Copyrighted Photograph 1 and offered it for sale at its storefront located at 1322 3rd Avenue, New York, New York:



17. On or about September 22, 2023, Defendants copied and printed an unauthorized version of Copyrighted Photograph 2 and sold it for $400.00 at its storefront located at 1322 3rd Avenue, New York, New York:



18. Defendants are not and have never been licensed to use or display Copyrighted Photographs 1 and 2 (together "Copyrighted Photographs"). Defendants never contacted Plaintiff to seek permission to use Copyrighted Photographs for any other purpose.

19. On information and belief, Defendants have infringed on other of its copyrighted photographs not named in this complaint by copying, producing, and selling framed counterfeit copies of the respective copyrighted photographs.

20. On at least one occasion, Asmael offered a customer "a catalog" of Rodney Smith's photographs, from which the customer could order counterfeit prints.

21. On at least one occasion, Asmael stated, "the prints," referring to the counterfeit Rodney Smith prints, are valued at "$10,000.00 for a signed print."

22. Plaintiff first discovered Defendants' unauthorized use/display of Copyrighted Photographs on or about March 17, 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

**COUNT I: COPYRIGHT INFRINGEMENT**

23. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

24. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

25. Rodney Smith, Ltd. owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photograph with the Register of Copyrights.

26. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

27. Defendants reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

28. By its actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for their own commercial purposes.

29. Upon information and belief, Asmael is the dominant influence in NYC, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Asmael is jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor*

*Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Asmael maintained the right and ability to control the infringing activities of NYC, and had a direct financial interest in those activities by virtue of his ownership in the company and the profits derived from the direct sale of NYC's products and services. Accordingly, Asmael is vicariously liable for copyright infringement. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

30. Defendants' infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

31. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

32. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

33. Alternatively, to the extent infringement by Defendants of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. To the extent infringement by Defendants of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in Copyrighted Photographs;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: October 9, 2023

*/s/ David C. Deal*
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 625
Charlottesville, VA 22902
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*